(No. 2495—

RUTH L. BROWN, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 13, 1935.*

R. WALLACE KARRAKER, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

Under a stipulation of facts filed herein it appears that claimant, Ruth L. Brown, is the widow and only heir-at-law of Charles R. Brown, deceased; that the latter was an employee of the State of Illinois and had worked in the Division of Highways for over thirteen years; that at the time of the accident complained of his salary was Two Hundred Dollars ($200.00) per month. It further appears that on Saturday afternoon, July 21, 1934, this employee, Brown, was working on S. B. I. Route No. 84, Section 102-X, assisting in laying forms and operating the "bull float," an instrument used in leveling the surface of the concrete pavement. The temperature on the day in question was about 106° in the shade. The employee was working in a depression where the highway declined and crossed a valley. He was working in the direct rays of the sun where the temperature was between 115° and 120° Fahrenheit. The crew engaged in the work was short-handed and did not have the normal number of employees for such work and in addition, the job was being rushed or hurried in an effort to finish the same. The employee, Brown, was overcome from the heat on the day in question and died on July 22, 1934. The attending physician, Dr. J. L. Klein, certified that in his opinion the cause of death was the result of sunstroke.

In claims for compensation arising from injury or death by sunstroke each case must stand on its own proof. The mere fact that an employee while in the course of his employment and engaged in performing the duties of his employment, suffers injury or death as a result of sunstroke or heat prostration, does not establish a compensation liability. It must appear that the employee was subjected to a substantially increased hazard over that to which the public in general and other workmen in the same locality were subjected, and that the sunstroke was due thereto, so that the injury might be said to arise ''out of'' the employment. (Angerstein, P. 85, Par. 47.)

It appears from the record that this employee at the time of being overcome by the heat was being subjected to a more severe and different degree of exposure from that of the public in general and from other workmen. He and a limited number of associates were engaged in doing the work that ordinarily would have required the services of a larger number and at a particular spot where the degree of heat was in excess of that found to exist in general. While it is difficult to determine when an injury from heat prostration is compensable we believe the facts in the instant case justify a finding that an award is due plaintiff herein.

The employee's wages were Two Hundred Dollars ($200.00) per month, and a maximum allowance of Four Thousand Dollars ($4,000.00) is authorized by the Workmen's Compensation Act. Under our practice such award should be commuted to a lump sum payment. Thus commuted the amount payable would be Three Thousand Six Hundred Eighty-eight and 33/100 Dollars ($3,688.33).

The record further discloses that a hospital bill of Fifteen Dollars ($15.00) is due the Belleville Hospital in Muscatine, Iowa, and a doctor's bill of Nineteen Dollars ($19.00) is due Dr. J. L. Klein of Muscatine, Iowa, and the award herein includes these two items.

An award is therefore entered in favor of plaintiff, Ruth L. Brown, in the sum of Three Thousand Seven Hundred Twenty-two and 33/100 Dollars ($3,722.33).